# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM POPWELL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0519-WS-B |
| | ) |
| DESIREE MARIE SESSOMS, *et al.*, | ) |
| | ) |
| Defendants, | ) |

## ORDER

This matter comes before the Court on defendant State Farm Fire and Casualty Company's Motion to Allow Opting Out (doc. 18).

Plaintiffs, William and Tammy Popwell, brought this action asserting claims of negligent and wanton operation of a motor vehicle by defendant Desiree Sessoms. In particular, plaintiffs allege that Sessoms negligently and wantonly operated a motor vehicle in a manner that caused a collision with a vehicle driven by William Popwell on September 29, 2018 in Conecuh County, Alabama. Plaintiffs claim that as a result of Sessoms' alleged tortious conduct, they suffered severe personal injury, emotional distress and other damages. In addition to suing Sessoms, the Popwells named their own uninsured/underinsured motorist carrier, State Farm Fire and Casualty Company, as a defendant in this action. The Complaint explained that the Popwells demand a recovery from State Farm in excess of the jurisdictional minimum of this Court "to the extent that Defendant Desiree Sessoms was underinsured." (Doc. 1, ¶ 23.)

In its present Motion, defendant State Farm requests leave of court to "opt out" from these proceedings in accordance with the procedure outlined by the Alabama Supreme Court in *Lowe v. Nationwide Ins. Co.*, 521 So.2d 1309 (Ala. 1988). The *Lowe* Court outlined the insurer's options under Alabama law in a case in which a plaintiff joined his own liability insurer as a party defendant in a suit against an underinsured motorist, as follows:

> "If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect *either* to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), *or* not to participate in the trial (in which case no mention of it or its

potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. … Whether the choice is timely made is left to the discretion of the trial court, to be judged according to the posture of the case."

*Id.* at 1310; *see also Ex parte Allstate Property and Cas. Ins. Co.*, 237 So.3d 199, 205 (Ala. 2017) (confirming continued vitality of *Lowe* procedure under Alabama law).

Simply put, State Farm seeks to avail itself of its rights under *Lowe* by electing not to participate in the trial of this action, such that no mention of State Farm or its potential involvement would be permitted at trial. In accordance with the rule in *Lowe*, State Farm agrees to be bound by any judgment on the merits and agrees not to participate actively in the trial of this case. Although State Farm reserves its right not to be bound by any settlement or consent judgment, the Court notes that any such issues will be governed by the "road map" fixed by the Alabama Supreme Court in *Lambert v. State Farm Mutual Automobile Insurance Co.*, 576 So.2d 160, 165-67 (Ala. 1991); *see also Ex parte Allstate*, 237 So.2d at 205-06 (documenting "general rules" established by *Lambert* where an insured wishes to settle with a tort-feasor but the underinsured motorist carrier does not wish to give consent to settlement). And the Court readily concludes that State Farm has filed its Motion to Allow Opting Out "within a reasonable time," as required under *Lowe*. *See generally Ex parte Electric Ins. Co.*, 164 So.3d 529, 531 (Ala. 2014) (holding that an insurer's election to opt out, nearly two years after the complaint was filed and after participation in discovery, was made within a reasonable time); *Ex parte Edgar*, 543 So.2d 682, 685 (Ala. 1989) ("Logically, the insurer would not want to withdraw from the case too early, before it could determine, through the discovery process, whether it would be in its best interest to do so.").

For all of the foregoing reasons, State Farm's Motion to Allow Opting Out (doc. 18) is **granted**. It is **ordered** that State Farm will not actively participate in the trial, that no mention of State Farm or its potential involvement will be permitted at trial, that State Farm will be bound by a judgment on the merits, that any settlement will be subject to the general rules established in *Lambert* and its progeny, and that State Farm may request permission to opt back in upon an appropriate showing of good cause made in a timely manner before trial.

DONE and ORDERED this 26th day of July, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE